United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30792
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

KEITH SMITH, also known as Keith Cornell Smith

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-235-ALL
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Keith Smith appeals his 262-month sentence for intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). Smith contends that his sentence must be vacated and his case remanded for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). Smith argues that the district court committed reversible error by engaging in judicial fact-finding in determining his sentence pursuant to the Sentencing Guidelines regime found unconstitutional in Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under Booker, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  543 U.S. at 244.  Additionally, Booker excised portions of the Sentencing Reform Act that made application of the Sentencing Guidelines mandatory.  Id. at 258-61.

A sentence based on a preserved Booker error must be vacated unless the error is harmless.  United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005).  The Government concedes, and the available record reflects, that Smith preserved a Booker claim.  Therefore, the burden shifts to the Government to show the error was harmless.  The Government has provided no evidence that the error was harmless.

Instead, the Government argues that Smith's appeal is untimely and that Smith failed to submit the required record on appeal.  The Government is mistaken on both counts.  An appeal in a criminal matter must be filed within 10 days of the entry of judgment.  FED. R. APP. P. 4(b).  The date of entry, weekends, and legal holidays are excluded from the computation.  FED. R. APP. P. 26.  The judgment of conviction was entered on July 2, 2004, and, therefore, the appeal noticed on July 16, 2004, was timely filed.

The Government also mistakenly argues that the rules required Smith to submit a statement of evidence in place of a

missing transcript from the sentencing hearing in this matter. The rules require that an appellant order the relevant transcripts when filing an appeal and Smith did so. See FED. R. APP. P. 10(c). However, when a transcript is unavailable, as it was in this case, the rules <u>permit</u> but do not <u>require</u> the appellant to prepare a statement of the evidence. <u>Id.</u> Smith submitted the documents needed to show that he was sentenced before <u>Booker</u> and that he preserved his <u>Booker</u> objections. He is not required to submit evidence to assist the Government to meet its burden of showing harmlessness.

Because Smith preserved his Sixth Amendment objections and the Government has submitted no evidence that the sentencing error was harmless, Smith's sentence is hereby vacated and his case remanded for re-sentencing.

SENTENCE VACATED; CASE REMANDED.